ADOLPH HIRSCH & COMPANY, APPELLANT, *v.* JAMES C. MALONE, INCORPORATED, A CORPORATION, RESPONDENT.

Argued December 4, 1923—Decided March 3, 1924.

1. An account stated rests upon the mutual agreement of the parties as to its correctness and may be established by formal assent or by circumstances from which assent may be implied.
2. An account rendered may become an account stated through acquiescence by failure to object to it within a reasonable time.
3. An account stated, by implication or acquiescence, presents questions of law and fact, requiring the submission of the facts to the jury under proper instructions.

On appeal from the Hudson County Circuit Court.

For the appellant, *Maurice Steiner* (*Wilbur A. Heisley,* of counsel).

For the respondent, *Thomas J. Brogan.*

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment in favor of the defendant. The plaintiff was a commission merchant in New York City and Boston. Defendant was engaged in the business of preparing hides for the market. Between October 31st, 1919, and June 23d, 1920, defendant sent to plaintiff hides to be sold, and plaintiff made cash advances upon such goods to defendant. During the foregoing period the market for hides was good, but later became bad. Plaintiff withheld a sale of the hides in question until the market for them broke. There was considerable correspondence then between the parties and on October 8th, 1921, plaintiff forwarded a statement to defendant showing $6,783.16 due the former, which plaintiff contends became an account stated.

Defendant denied this and counter-claimed for loss and damage resulting from failure of plaintiff to sell during the

high market and for deterioration in hides returned due to alleged negligent care of them by plaintiff. Defendant has a verdict for $8,206.79, upon which judgment was entered May 23d, 1923, and from which plaintiff appeals.

The first ground of reversal is that trial court erred in its refusal to direct a verdict for the plaintiff and against the defendant.

The motion to direct was based upon the ground that the evidence clearly showed an account stated in favor of the plaintiff for $6,783.16.

"To constitute an account stated there must be a promise, express or implied, to pay a single sum, whether such sum consists of a bill of a single item in an unilateral account, or is a totality of all the items admitted to be correct in such account, or is the balance remaining after the mutual application in payment of each other of such items in counter accounts as are mutually admitted to be correct." *Weigel* v. *Hartmann Steel Co.,* 51 *N. J. L.* 446.

"As an account stated rests upon mutual agreement of parties as to its correctness, such account may be established by formal assent or by circumstances from which assent may be implied." *Wilbur* v. *Win,* 89 *N. J. Eq.* 278.

An account rendered, under the foregoing rules and principles, may develop into an account stated by acquiescence as by failure to object to it within a reasonable time.

This presents a question of law and fact. Such was the situation in the case before us and it was not error to submit· that question to the jury with proper instructions.

The next ground of reversal is that the court erred in allowing the jury to consider the subject of a verdict against the plaintiff on account of damage to goods shipped to them and not sold because there was no testimony of the amount of damage and in the absence of such evidence a verdict would be speculative. There was evidence from which it could be found that the goods were damaged and therefore defendant was entitled to some verdict, substantial if there was evidence as to amount of damages and nominal if there was no such testimony. But if plaintiff desired this limita-

tion it was incumbent on them to request that such instruction be given to the jury and, failing in this, they cannot take exception to an instruction otherwise valid and good.

The remaining reason is based upon an alleged error in the court's charge, in the language:

"The defendant is not limited to the amount the plaintiff has credited it with for the skins sold, but can recover for the loss it sustained on the skins sold."

We find no exception to this part of the charge and no reason for reversal based thereon, and it will therefore not be considered.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ.  13.

*For reversal*—None.